# Richmond

LUTHER W. GRAY v. DAVID B. VAN ZAIG.

April 22, 1946.

Record No. 3039.

Present, All the Justices.

The opinion states the case.

*Louis B. Fine*, for the plaintiff in error.

*Tom E. Gilman, Earl W. White* and *Harvey E. White*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Luther W. Gray, by notice of motion, brought an action at law to recover damages from David B. Van Zaig because of his alleged negligence in the operation of his automobile which collided with an automobile which was operated by the plaintiff. After the introduction of plaintiff's evidence, the defendant moved the court to strike the evidence of plaintiff and instruct the jury that there was no evidence in the case upon which the jury could render a verdict for the plaintiff.

This motion the court granted and a verdict for the defendant was returned by the jury.

Since no evidence was introduced by the defendant, our sole inquiry is, does the evidence submitted by the plaintiff present a question of fact for determination by the jury, or a question of law to be determined by the court?

The rule in Virginia which governs the action of the trial court in sustaining a motion of defendant to strike out the evidence of the plaintiff, has been firmly established by the repeated decisions of this court.

In *Jerrell* v. *Norfolk, etc., R. Co.*, 162 Va. 450, 452, 174 S. E. 658, Mr. Justice Gregory said:

"The rule in Virginia controlling the motion to strike a plaintiff's evidence prior to the introduction of any evidence on the part of the defendant is clearly stated in *Jones* v. *Hanbury*, 158 Va. 842, 164 S. E. 545, 546, where Mr. Justice Epes, speaking for the court, said:

" 'Where material facts and circumstances of a case lie peculiarly within the knowledge of the defendant, or peculiarly within the knowledge of both the plaintiff and the defendant, it is a *very* drastic proceeding to strike out all the plaintiff's evidence on a motion made at the conclusion of plaintiff's evidence in chief, before the defendant has testified. A motion to strike out made under such circumstances should not be sustained unless it is *very* plain that the court would be compelled to set aside a verdict for the plaintiff upon a consideration of the evidence strictly as upon a

demurrer to the evidence, and in the light of the fact that the defendant has seen fit not to testify and subject himself to cross-examination. Where a motion to strike out is made after all the evidence for both parties has been introduced or upon a motion to set aside the verdict, a somewhat more liberal rule is sometimes applied for the consideration of the evidence in passing upon the motion; but in cases such as this (where the motion to strike out is made at the conclusion of the plaintiff's evidence in chief), the court will rigidly apply the rule applicable to the consideration of evidence upon a demurrer to the evidence.'"

In *Leath* v. *Richmond, etc., R. Co.*, 162 Va. 705, 710, 174 S. E. 678, Mr. Justice Hudgins reaffirmed the doctrine in this language:

"The tendency seems to be growing to so extend the use of the motion to strike plaintiff's evidence as to deprive litigants of the benefits contemplated by the Code revisors in section 6251. We, therefore, repeat what we have heretofore said, that trial courts in considering motions to strike plaintiff's evidence should in every case where there is any doubt on the question overrule the motion. The use of this motion as a means to defeat plaintiff's action should be confined and applied only to those cases in which it is conclusively apparent that plaintiff has proven no cause of action against defendant. Too often in tort actions plaintiffs are put to the delay and expense of obtaining in this court a reversal on this ground, which of necessity requires a new trial. If the trial court overrules the motion to strike, submits the case to the jury, and a verdict is returned, he then may set aside the verdict on the ground that it is contrary to the evidence, or without evidence to support it. If upon review this court reaches a different conclusion, the record includes the verdict and final judgment may be entered. This was the purpose of the Code revisors in drafting section 6251. (See revisors' notes.)"

In *Virginia Elec., etc., Co.* v. *Steinman*, 177 Va. 468, 473, 14 S. E. (2d) 313, Mr. Justice Browning said:

 "It is well settled, and this court has said so time and again, that the question of negligence, indeed all kinds of negligence—primary, contributory, continuous and concurring—is one for the jury to determine. They are questions of fact, and the jury is the trier of such questions. It is only when the issue is one about which reasonable persons cannot differ—the question so plain in the meaning and interpretation that should be given to it that no doubt is admitted of its legal significance and effect, that it becomes a question of law for the courts to determine."

In the instant case the only witnesses to the accident were the plaintiff and the defendant. Since the defendant did not testify, no question of conflict in the evidence is presented. Therefore, the case of plaintiff must stand or fall upon his evidence.

The plaintiff testified that on the 15th day of April, 1944, he was operating his automobile on Center avenue in Norfolk county and was traveling in a northwardly direction; that when he reached the intersection of Princess Anne road, which road runs east and west, he observed the defendant's automobile approaching from his right, at a moderate rate of speed; that when he first observed the defendant's automobile, it was two hundred and twenty feet away; that as defendant approached the intersection and when plaintiff was approximately three quarters of the distance across Princess Anne road, he observed the defendant's car would not stop; that he brought his car to "a dead stop" when the car of defendant was twenty-five or forty feet away; that there was ample room for defendant to turn to the right or to the left of his car and avoid the accident; that defendant did not apply his brakes as he approached; that the car of defendant struck plaintiff's car about the center of the front door and knocked it twenty feet over against some rocks; that his car was rendered useless and was sold for junk; and that he suffered serious personal injuries.

From the facts stated, reasonable men would be warranted

in drawing the conclusion that the plaintiff was not guilty of either primary or contributory negligence.

We are of opinion that the case must be reversed, for the reason that the evidence presents a question of fact for the jury and not a question of law for the court.

Even though, upon a new trial, the jury should find the plaintiff guilty of negligence, still the question of the last clear chance of defendant to avoid the accident becomes an issue to be determined by the jury.

We reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*