## Richmond

THOMAS J. ROUNTREE, ET AL., ETC., ET AL. v. ALICE M. ROUNTREE.

January 21, 1957.

Record No. 4599.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*John S. Rixey* (*Rixey & Rixey,* on brief), for the plaintiffs in error.

*Louis B. Fine* (*Robert C. Stackhouse,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Alice M. Rountree filed a motion for judgment against James K. Gregory, Thomas J. Rountree and Margaret G. Rountree for personal injuries resulting from a collision between a DeSoto sedan driven by her and a pickup truck driven by James K. Gregory and owned and operated in the business of Thomas J. Rountree and Margaret G. Rountree.

The parties will be referred to as they appeared in the court below.

At the conclusion of all the evidence the plaintiff moved the court to strike the evidence of the defendants, which motion was sustained; whereupon the court instructed the jury that as a matter of law the defendants were guilty of negligence and the jury in its consideration of the case should be concerned only with the *quantum* of damages. Thereafter the jury returned a verdict of $12,500 in favor of the plaintiff and, over the objection of the defendants, judgment was entered thereon.

The defendants filed seven assignments of error.

In our view of the case it is only necessary for us to consider the first assignment, *i.e.*, "the court erred in striking out all the evidence of the defendants."

In this situation it will be necessary for us to state the evidence at some length, and the defendants are entitled to have it stated in a manner more favorable to them.

The collision occurred in the City of Norfolk, on September 17, 1955, about 12:45 p. m., near the intersection of Colley Avenue and Twenty-Second Street. Both streets are smooth paved, level, and were dry at the time. Colley Avenue is 40 feet wide and Twenty-Second Street is 26 feet in width. Colley Avenue runs north and south and Twenty-Second Street, running east and west, enters Colley Avenue from the east but does not cross.

The plaintiff's automobile was proceeding south on Colley Avenue. The defendants' truck, proceeding west on Twenty-Second Street, made a right turn into Colley Avenue. The two vehicles collided left front to left front and stopped on impact at the northern edge of the intersection.

Railroad tracks cross Colley Avenue about a block north of Twenty-Second Street.

Luther S. Diggs, a witness for the plaintiff, stated that he was driving immediately behind plaintiff's car and that as the plaintiff cleared the railroad tracks she was moving "very, very slow", and that he prepared to pass her. He then stated: "But as I glanced to the left getting ready to pull out, I saw a truck come out of 22nd Street and I knew there was going to be trouble. I could tell the speed the truck was traveling, and the car had reached the intersection or close to 22nd Street, that there was going to be a collision. So natural thing for a person to do in a case of that kind, I believe I stopped immediately and watched developments. And as this truck came out of 22nd

Street it hit the left front part of the DeSoto in front of me and I jumped out of the car immediately and ran to the—where the two vehicles were. * * *

"Q. As I understand it, then, when you saw this truck for the first time, I believe you say the truck was actually in its turn?

"A. Right, right.

"Q. And I believe your statement was that he was making a terrific effort to make the turn?

"A. Correct.

"Q. Is that right?

"A. That is—it appeared to me that he was doing all he could do. It looked like he was pulling on that wheel, trying to get around the corner without hitting this car."

Officer O'Brien testified that he was near the scene of accident and heard it but did not see either vehicle before the accident; that he asked the defendant driver how it happened and he told him that his brakes failed and he could not stop; that he did everything he could to avoid hitting the plaintiff's car which was proceeding south; that after the driver told him his brakes failed he looked under the pickup truck and saw the brake fluid on the ground underneath the truck.

The plaintiff, Alice M. Rountree, testified that the collision occurred before she reached the intersection. She was asked:

"Q. Had you gotten into the intersection of 22nd Street or not?

"A. No, sir."

She further stated: "I saw the truck come from behind the building" and noticed that it was not under control.

E. L. Hale, a witness for the defendants, testified that he was standing on his lot on the southeast corner of 22nd Street and Colley Avenue and saw defendants' truck traveling at 25 miles per hour and that the driver was doing everything he could to stop the truck. He stated: "When I first actually saw the truck, it was coming up to my lot, which my lot runs back on 22nd Street approximately 85 feet and it was—I would say inside of my property line, and the boy was doing everything, I would say, that he could to try and get the truck stopped, it looked like to me. And he came up to the corner, which—something that hasn't seemed to have been brought out, there is a dip in the pavement there. And evidently when he went into that dip to make the turn, I see it every day, people hit that and they slide and what have you. And the truck, left front of the truck, hit the left front of the other car involved in the accident, which Mrs. Rountree

was in." The witness also stated that he saw where the brake fluid had spilled from the truck both before and after the impact.

James K. Gregory, the driver of the truck, testified that he was not the regular driver of the truck involved but that he was driving on the occasion in question; that about two blocks before reaching Colley Avenue he had occasion to and did stop the truck by the application of the brakes, upon which occasion the brakes functioned normally and there was nothing to indicate any defect; that as he proceeded west on Twenty-Second Street, approaching Colley Avenue, traveling 25 miles per hour, he stepped on the brake foot pedal which went to the floor without having any effect on the brakes; that he simply had no brakes; that he pumped the pedal several times without effect; that the thought occurred to him to try to get the truck in second gear which he tried without success; that he turned to the left as far as he could without hitting the curb so as to give as much space as possible to make a right turn into Colley Avenue; that he saw the plaintiff coming across the railroad tracks and cut as hard as he could to his right to get out of the way but could not get any farther; that the two vehicles came together left front to left front and came to a dead stop on impact. He testified that he had driven the truck some every day except Sunday for a month before the accident and had never had any "knowledge or intimation or reason" to suspect any trouble with the brakes. He testified that the distance from the plaintiff's right hand wheels to the western curb line was approximately 10 feet. Gregory testified that the reason he did not use the hand brake was that he thought the hand brake was hooked up to the same system as the foot brake and when the foot brake went out the hand brake would be out also.

Derl Sloan testified that he was the regular driver of the truck; had driven it every day except Sunday since August 3rd and had never had any trouble with the brakes, that "they were in perfect shape when I drove it".

Jody David Weems, a mechanic, testified that he repaired the defendants' truck after the accident, and in reference to the brakes he stated:

"* * * And I renewed a section of the brake line to the left rear wheel that had been sheared probably previous to this accident; and installed, I believe it was six anchor bolts that anchors the backing plate to the differential housing; bled the brakes and everything seemed to be in perfect order.

"Q. Let me ask you this, now. Before you did what you did to those brakes that you speak of, would the brakes hold?

"A. They couldn't have possibly held because—

"Q. Why?

"A. Because the hydraulic line was cut or pulled from its fitting of the wheel cylinder to the left backing plate, to the left wheel.

"Q. What effect did that have on the hand brake or emergency brake?

"A. I couldn't say because I don't remember whether that emergency brake was on the drive shaft or in the brake hub itself on the wheel.

"Q. You wouldn't be able to say about the hand brake?

"A. No, sir.

"Q. But you do know that there were no brakes effective with the foot?

"A. That is right."

The witness further stated that the damage to the brakes could not have been caused by the impact.

Harry Redding, a mechanic, testified that he worked for Johnson's Garage and did the repair work on all of the defendants' vehicles; that in July before the accident (which occurred in September) he personally inspected the truck involved in the accident, including the brakes, and found it to be in good condition and put the State inspection sticker on it.

Thomas J. Rountree and Margaret G. Rountree testified that they were the owners of the truck involved; that they employed Johnson's Garage to maintain their vehicles in good working condition, and that before the accident they had no reason to suspect that there was any defect in the brakes.

The burden was on the plaintiff to prove by a preponderance of the evidence that the defendants were guilty of negligence and that such negligence was the proximate cause of the injuries complained of. Under the evidence it cannot be said as a matter of law that this burden has been borne.

Here it is disclosed that this half-ton pickup truck was traveling within the speed limit of 25 miles per hour and under such circumstances that the owners and operator had reason to believe that the brakes were in good working condition, and that without any knowledge, notice or intimation to the contrary, as the vehicle approached an intersecting street, the driver applied the brake pedal,

pushing it to the floor, and found the brakes entirely ineffective.

Under these circumstances the driver of the truck found himself in a sudden emergency, not of his own making, whereupon he attempted to do everything in his power to avoid the accident.

Usually a motion to strike the evidence is made by the defendant, and where there is any doubt on the question the motion should be overruled. *Gray* v. *Van Zaig*, 185 Va. 7, 10, 37 S. E. 2d 751, 752; Burks Pleading and Practice, 4th ed., § 284, p. 515. Such a motion is akin to a demurrer to the evidence, and while there seems to be no reason why either party may not move to strike, it is rarely advisable for the party having the burden of proof to do so. Burks Pleading and Practice, 4th ed., § 284, p. 510.

In the instant case, considering the evidence detailed above, the actionable negligence of the defendants was an issue peculiarly within the province of the jury and should have been submitted to it, under proper instruction, for determination. Had a verdict for the defendants resulted, the court would not have been justified in disturbing it. Thus the court erred in withholding the issue from the jury.

For the reasons stated the judgment is reversed and the case remanded for a new trial not inconsistent with the views here expressed.

*Reversed and remanded.*