# Staunton

### Curtis O. Simmons v. John B. Adams, an Infant, Etc.

### Curtis O. Simmons v. Crescence K. Adams.

### Curtis O. Simmons v. Morton Adams.

September 8, 1961.

Record Nos. 5265, 5266, 5267.

Present, All the Justices.

The opinion states the case.

*William B. Poff* and *John H. Thornton, Jr.* (*Woods, Rogers, Muse & Walker,* on brief), for the plaintiff in error.

*William Rosenberger, Jr.,* for the defendants in error.

EGGLESTON, C. J., delivered the opinion of the court.

On the morning of January 5, 1959, Morton Adams was driving his car southwardly on Williamson road in the city of Roanoke, with his wife, Crescence, and their sixteen-year-old son, John, as passengers. After the Adams car had come to a stop in a line of traffic, awaiting a left turn by a car ahead, it was struck in the rear by a pickup truck driven by Curtis O. Simmons. As the result of the collision the Adams car was driven into the rear of the vehicle ahead of it and each of the occupants in the Adams car was injured. Both the Adams car and the Simmons truck were badly damaged. Each occupant of the Adams car filed a motion for judgment against Simmons to recover damages for personal injuries, and in the case of Morton Adams also for damages to his automobile.

In each case Simmons filed grounds of defense denying that he was guilty of any negligence which was the cause of the collision and alleging that the accident was caused by a sudden mechanical failure of his brakes which could not have been previously ascertained and which was not due to any negligence on his part.

By consent of the parties the cases were heard together and the questions of liability and damages submitted to the same jury. At the conclusion of all of the evidence the trial court struck the evidence of the defendant, Simmons, which he claimed tended to sustain his defense that the collision was an unavoidable accident caused by a sudden mechanical failure of his brakes, without negligence on his part. The court also refused to submit to the jury whether the accident was unavoidable. It instructed the jury that the defendant, Simmons, was guilty of negligence as a matter of law which was the proximate cause of the accident, thus leaving for the determination of the jury only the quantum of damages to which each plaintiff was entitled.

Separate verdicts were rendered for the plaintiffs in the following amounts: John B. Adams, the infant, $5,000; Morton Adams, the owner and driver of the car, $5,000; and Crescence K. Adams, his

wife, $1,600. A motion to set aside the verdict in each case was over-ruled and judgment was entered thereon. The defendant, Simmons, has appealed each case, claiming that the trial court erred (1) in withdrawing from the jury the issue as to whether the collision was an unavoidable accident, and (2) in its rulings on the instructions.

There are these additional pertinent facts: Police officers who came to the scene shortly after the collision testified that there were 30 feet of skid marks to the rear of the Simmons truck. These officers and other witnesses, testifying for the plaintiffs, said that they tested the foot brakes on the Simmons truck, found that they did not hold, and that the pedal "went all the way to the floor." This, they said, indicated that the brakes were defective. However, one of the witnesses testified that by repeated applications the brakes "could be pumped up." The brake line had not been broken or damaged in the collision.

Simmons, the defendant, testified that as he approached the scene he was driving within the permitted speed limit of 25 miles per hour. He had observed the Adams car ahead and saw it come to a stop when he was about 150 feet to the rear of it. At that time he applied his brakes, they held properly, and he slowed his truck down. When he came nearer to the rear of the Adams car he again applied his brakes but they failed to hold and, as he said, the pedal "went all the way down to the floor." Realizing that his foot brakes would not hold, he "made a grab" for the emergency hand brake, but was not sure whether it took effect, and his truck ran into the rear of the Adams car. The defendant further testified that had his foot brakes worked properly he would have had no trouble in stopping his truck before the collision.

A mechanic testified that he had inspected the Simmons truck one or two days before the accident and found that at that time the brakes "were in A-1 shape." The defendant testified that his brakes had worked perfectly after this inspection up to the time of the accident. Indeed, he said, they had worked properly on the day of and just before the accident.

Expert witnesses, testifying for the defendant, said that air in the brake line could have caused the sudden brake failure without prior warning and that yet the brakes might have functioned properly immediately before such failure. The defendant testified that while the foot brakes did not hold, the skid marks "could have been" caused by the emergency brakes. A mechanic testified that since the emer-

gency brakes operated on two wheels they were more likely to leave skid marks than were the foot brakes.

The trial court refused to let the jury determine whether under such evidence this was an unavoidable accident caused by a sudden mechanical failure of the defendant's brakes without any negligence on his part. Instead it ruled that, as a matter of law, such evidence was of no probative value in support of the defendant's contention. It said that there was no evidence "on which the jury could base a finding * * * that the brakes were or were not defective." Counsel for the plaintiffs undertake to buttress this holding by arguing that the defendant's explanation of the accident is contrary to human experience and incredible, in that the skid marks demonstrated that the brakes were not defective.

We do not agree with this ruling of the trial court or the contention of counsel for the plaintiffs. On the motion to strike the defendant's evidence he was entitled to have such evidence stated and viewed in the light most favorable to him. *Rountree* v. *Rountree,* 198 Va. 658, 659, 96 S. E. 2d 113, 114. It is undisputed that immediately after the accident the brakes were found to be defective. This is shown by the testimony of the plaintiffs' own witnesses, the police officers, and the witness, Walter L. Alls, whose car was just ahead of the Adams car. It is in accord with the testimony of the defendant himself. While the brakes were found to be defective after the accident, all of the witnesses agree that this was not caused by the collision.

As has been said, there is evidence that the brakes had recently been inspected, found to be in good condition, and had functioned properly until the time of the accident. According to the testimony of the defendant, the brakes failed suddenly and without prior warning just before the impact. There is evidence that this may have been caused by an air pocket in the brake line, not due to any negligence of the defendant, or even of which he was aware. We cannot say that such evidence is inherently incredible.

Nor is such evidence deprived of all probative value because of the testimony of the police officers that the truck skidded 30 feet before the impact. The jury could have found that such marks were made by a partial gripping of the hand emergency brake, or an imperfect gripping of the foot brakes. In short, the credibility and probative value of the evidence offered by the defendant was for the jury and not for the court.

The case is strikingly similar to *Rountree* v. *Rountree, supra,* in which we held that it was for the jury to say whether a collision which the defendants claimed was brought about by a sudden and unexpected brake failure was an unavoidable accident or was proximately caused by the negligence of the defendants. In the present case, the trial court erred in withdrawing this issue from the jury.

In separate instructions the court told the jury that in accordance with certain stated principles they should determine the amount of damages to be awarded the respective plaintiffs and fix the amount at such sum as to them seemed "fair and just," "but not to exceed the amount sued for, $15,000," which was the amount claimed in each motion for judgment. Counsel for the defendant objected and excepted to the specification in the instructions of the amount sued for, and this is the subject of the next assignment of error.

The argument is that the *ad damnum* clause is not evidence and hence reference to it in the instructions has the effect of suggesting to the jury the amount of an award not founded on the evidence. Such reference, it is said, is particularly harmful and prejudicial because it comes from the court itself and may be interpreted as its opinion as to the proper amount of damages which should be awarded. Moreover, it is said, no prejudice to the plaintiff can possibly result from not referring to the *ad damnum* clause so long as the elements of damage are properly spelled out in the instructions.

There is a hopeless conflict of authority on the propriety of the reference by the trial court, in its instructions or its charge to the jury in actions for personal injury or death, to the specific amount sued for by the plaintiff. 15 Am. Jur., 1961 Cum. Supp., Damages, § 371.5, p. 114; Annotation, 2 A. L. R. 2d 454; 25 C. J. S., Damages, § 179-b, pp. 870, 871. Some courts take the view that not to forewarn the jury by stating the amount sued for may result in an excessive verdict, while others take the view that it is better to run this risk, which may be corrected by a remittur, than to appear to emphasize an extravagant sum which may be claimed by the plaintiff. The more recent trend of authority favors the view that there should be no reference by the trial court in its instructions or charge to the amount stated in the *ad damnum* clause. See *Botta* v. *Brunner*, 26 N. J. 82, 138 A. 2d 713, 725, 60 A. L. R. 2d 1331, and cases there cited. See also, concurring opinion in *Williams* v. *Nichols*, 4 Cir., 266 F. 2d 389, 393, 394.

There is the same divergence of views in the trial courts of this

Commonwealth. Some courts permit the reference in the instructions to the specific sum sued for, others do not. While there are a number of reported cases in the Supreme Court of Appeals approving instructions carrying reference to the amount in the *ad damnum* clause, a close reading of them shows that usually such instructions were attacked on other grounds. For example, see *McGowan* v. *Tayman* (1926), 144 Va. 358, 365, 132 S. E. 316, cited by the plaintiffs. In only a few of these cases has the specific point been discussed.

In *Chesapeake & Ohio Ry. Co.* v. *Carnahan* (1915), 118 Va. 46, 86 S. E. 863 (affirmed 241 U. S. 241, 36 S. Ct. 594, 60 L. ed. 979), it was held that it was not error to conclude an instruction, which properly related the elements of damage to be considered, with the statement that the jury's finding shall not be "in excess of $35,000 [the amount sued for], as to them may seem just and fair." 118 Va., at pages 59, 60.

In *Chesapeake & Ohio Ry. Co.* v. *Mizelle* (1923), 136 Va. 237, 118 S. E. 241, exceptions were taken to two instructions given for the plaintiff in which the jury were told that the damages awarded the plaintiff "should not exceed the sum of $15,000." While the judgment was reversed on other grounds, we pointed out that such instructions had been criticized in previous opinions[1] and that, "If any allusion is to be made by the trial court to the extreme amount which the jury may allow in such cases, it should appear clearly that the only reason the amount is specified is because that is the sum which is claimed by the plaintiff in his declaration." 136 Va., at page 256.

In *Russell Lumber Co.* v. *Thompson*, 137 Va. 386, 119 S. E. 117, which was an action for damages for breach of contract, we held that an instruction was erroneous because it failed to limit the plaintiff's recovery to the amount claimed by him. 137 Va., at page 395.

In *Norfolk Southern Ry. Co.* v. *Wood* (1943), 182 Va. 30, 28 S. E. 2d 15, an action for wrongful death, objection was made to the form of an instruction which told the jury that they might award such damages as they deemed fair and just, "not exceeding $15,000," the maximum amount then fixed by statute. We held that the giving of the instruction was not error since "The general practice in such actions is for the court to instruct the jury that a verdict for plaintiff cannot exceed the amount fixed by statute." 182 Va., at page 38, 28 S. E. 2d, at page 19.

---

[1] *Norfolk & Western Ry. Co.* v. *Marpole* (1899), 97 Va. 594, 599, 600, 601, 34 S. E. 462.

*Newport News Publishing Co.* v. *Beaumeister* (1906), 104 Va. 744, 748, 52 S. E. 627.

In 25 C. J. S., Damages, § 179-b, pp. 870, 871, it is pointed out that while there is authority to the contrary, the general view is that the charge or instruction to the jury "should restrict recovery to the amount claimed in the pleadings," and that this is not objectionable as leading the jury to believe that they must award the amount claimed "unless so mistakenly phrased as to indicate that such is the case."

In the present cases, since the amount of each verdict was much less than the amount sued for, it does not appear that the form of the instructions was misleading or prejudicial and constituted reversible error. See *Norfolk Southern Ry. Co. v. Wood, supra*, where the amount sued for was $15,000 and the verdict was $5,000. See also, Annotation, 2 A. L. R. 2d 471 ff.

However, we agree with the argument of counsel for the defendant that ordinarily an instruction in this form is likely to be misleading and prejudicial to the defendant. This is particularly so where such reference is repeated in a number of instructions granted at the request of the plaintiff. Coming from the court itself it is likely to give the jury the impression that the amount sued for is significant and a factor to be considered in arriving at their award. Consequently, on the new trial of these cases, in order to avoid the likelihood of such misleading effect and prejudice, the instructions should not refer to the specific sum sued for by the respective plaintiffs, but by appropriate language the jury should be told that the amount of their award, if any, should not be in excess of the amount claimed or sued for.

For the error of the trial court in withdrawing from the jury the issue of whether the collision was an unavoidable accident caused by a sudden mechanical failure of the defendant's brakes, without negligence on his part, in each case the judgment is reversed, the verdict set aside, and the case remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*