18244

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant, v. CAROLINA POWER & LIGHT COMPANY, Respondent

(137 S. E. (2d) 507)

468

*Messrs. W. D. Simpson,* of Moncks Corner, and *C. C. Grimes, Jr.,* and *Rosen & Rosen,* of Georgetown, *for Appellant,*

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, and *A. Y. Arledge,* of Raleigh, N. C., *for Respondent,*

470

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *for Central Electric Cooperative, Inc., as Amicus Curiae,*

*Messrs. W. D. Simpson,* of Moncks Corner, and *C. C. Grimes, Jr.,* and *Rosen & Rosen,* of Georgetown, *for Appellant, in Reply,*

July 23, 1964.

LEWIS, Justice.

This action involves a controversy between the plaintiff, South Carolina Public Service Authority, and the defendant, Carolina Power and Light Company, as to which shall provide electric power to a new industrial plant being constructed in Georgetown County, South Carolina, by the Georgetown Textile and Manufacturing Company, Inc. The plaintiff seeks a permanent injunction restraining the defendant from rendering service to the new plant and from constructing an electric power line for such purpose. Upon a verified complaint, the lower court issued, *ex parte,* a temporary injunction so restraining the defendant, with leave to move on four (4) days notice for its dissolution. The defendant thereafter moved to dissolve the temporary injunction upon the ground that the action involved matters relating solely to the reg-

ulation of an electrical utility over which the court had no jurisdiction. After a hearing, the lower court sustained the contention of the defendant and dissolved the temporary injunction for lack of jurisdiction. The plaintiff has appealed, and the defendant has filed "additional sustaining grounds."

While the appeal involves questions concerning (1) the refusal of the lower court to grant the plaintiff's request for a continuance of the hearing on the motion to dissolve the injuction, (2) the order settling the record for appeal, and (3) the refusal of the lower court to dismiss the action upon dissolving the temporary injunction for lack of jurisdiction, the basic issue for decision is whether the lower court was in error in dissolving the injunction upon the ground that the complaint failed to present a case for injunctive relief within the jurisdiction of the court. This question involves, first, an examination of the complaint to determine the nature of the cause of action alleged therein.

The plaintiff, South Carolina Public Service Authority, is an agency of the State of South Carolina, and is engaged in the production, distribution, and sale of electric power pursuant to the authority granted to it under Title 59, Chapter 1, of the 1962 Code of Laws. The defendant, Carolina Power and Light Company, is a privately owned electrical utility also engaged in the business of producing, distributing, and selling electric power in this State.

The complaint alleges that the Georgetown Textile and Manufacturing Company, an industry now constructing a new industrial plant in Georgetown County, requested the plaintiff to supply electric service to it; that the plaintiff agreed to do so; and that the defendant thereafter, without having obtained a certificate of public convenience and necessity as required by Section 24-63 of the 1962 Code of Laws, commenced the construction of a low voltage, inadequate power line to the new industrial plant for the purpose of supplying it with electrical service and depriving the plaintiff of its customer. It is then alleged that, due to the

closer proximity of the facilities of the plaintiff, the cost of connecting electrical service to the new plant will be much less for the plaintiff than for the defendant. Following the foregoing allegations, the real basis of the complaint is set forth in Paragraph 9 as follows:

"9. The construction of said line and the Defendant's attempt to render electrical service to said new industry constitutes economic waste and an illegal interference with the sale of electric power conducted by the State through this Plaintiff. The construction of said line by the Defendant without obtaining a Certificate of Public Convenience and Necessity from the Public Service Commission of the State of South Carolina is illegal and in violation of Sections 24-63, 24-66 and 24-67 of the Code of South Carolina, 1962. The acts of the Defendant are against the public policy of the State, and are detrimental to the reputation of the State for excellent electrical service in connection with the vast industrial expansion now present in South Carolina."

The plaintiff contends that the complaint states a cause of action for injunctive relief upon, basically, two grounds, namely: (1) the unlawful competition by the defendant arising from the proposed construction of its power line into non-contiguous territory without a certificate of convenience and necessity in violation of Section 24-63 of the 1962 Code of Laws, and (2) the illegal interference by the defendant with the contract for electrical service entered into between the plaintiff and its customer. The lower court held that the complaint failed to state a cause of action entitling the plaintiff to injunctive relief on the basis of interference with the performance of the alleged contract, and that the court was without jurisdiction to determine the matters upon which the charge of unlawful competition was based.

The contention of the plaintiff, that the complaint alleges, as a ground for injunctive relief, the illegal interference by the defendant with a contract for electrical service between the plaintiff and its customer, cannot be sustained. It is

true that the complaint contains allegations that the plaintiff accepted the application of the customer for electrical service, and that the acts of the defendant constituted "an attempt to deprive the plaintiff of its customer." However, the complaint and the record before us are devoid of any factual allegations or showing from which the conclusion could be drawn that irreparable damage would result from the interference by the defendant with the alleged contractual relationship. While the complaint contains the general allegation that the plaintiff will suffer irreparable injury, there is no factual allegation to support it. This is insufficient to constitute a cause of action for injunctive relief.

The following rule is stated in 43 C. J. S., Injunctions, § 182 (b), at page 861 : "Generally, unless the rule is changed by statute, an injunction will not be granted unless the complaint shows that a refusal to grant the writ will work irreparable injury. It is not sufficient simply to allege that the injury will be irreparable, but the facts must be stated so that the court may see that the apprehension of irreparable injury is well founded. In view of the severity or harshness of the remedy by injunction, a strict adherence to this rule of pleading is required." The rule is thus stated in 28 Am. Jur., Injunctions, Section 266, page 778: "But mere allegations of the pleader's conclusion that the act or acts sought to be restrained will, if committed, cause irreparable injury or damage for which there is no remedy at law, not supported by facts showing such irreparable injury or damage, is not sufficient to make out a case for injunctive relief. The pleading should state facts to enable the court to judge whether such is the case."

Insofar as the record before us shows, a contract with only one customer is involved. No course of action on the part of the defendant is alleged. There is a complete absence of any allegation or factual showing that the plaintiff does not have an adequate and complete remedy at law for the damages sustained by reason of the

interference with its contract with this one customer. Therefore, the lower court properly held that the complaint stated no cause of action for injunctive relief on the basis of the alleged interference with the contract.

This leaves for consideration the basic ground upon which injunctive relief is sought in this action. The plaintiff seeks to restrain the defendant from rendering service to the new industrial plant upon the ground that such action on the part of the defendant will constitute unlawful competition. The sole basis of the charge of unlawful competition is that the defendant proposes to construct its power line into non-contiguous territory without a certificate of convenience and necessity in violation of Section 24-63 of the 1962 Code of Laws.

We agree with the lower court that the ground upon which the plaintiff seeks to restrain competition by the defendant involves a determination of purely regulatory matters over which the courts have no jurisdiction.

Section 14 of Article 9 of the Constitution of this State establishes The Public Service Commission and prescribes that its "powers over all transporting and transmitting corporations, * * * shall be regulated by law." Section 21 of Article 9 provides: "The General Assembly shall enforce the provisions of this Article by appropriate legislation." The foregoing constitutional provisions clearly make the regulation of electrical utilities a legislative matter and not a judicial one.

Pursuant to the foregoing constitutional mandate, the General Assembly, under Title 24, Chapter 1, of the 1962 Code of Laws, has specifically placed upon The Public Service Commission the power and duty to supervise and regulate privately owned electrical utilities, including the power to regulate the territory served by each. In doing so, competition between such utilities was eliminated and regulation substituted.

However, the plan of regulation followed in dealing with private power companies was not followed by the General Assembly in the creation of the plaintiff. While privately owned electrical utilities, such as the defendant, are subject to regulation by The Public Service Commission, the plaintiff is not so regulated and has the right to distribute and sell electricity anywhere in the State of South Carolina, although, in doing so, it invades territory being served by privately owned electrical utilities. *S. C. Electric & Gas Co. et al. v. S. C. Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777; *Heath Springs Light & Power Co. v. Lynches River Electric Cooperative,* 231 S. C. 34, 97 S. E. (2d) 79. It was held in the cited cases that private power companies, as against agencies such as the plaintiff, had no exclusive franchise to furnish electricity in their respective areas, and no legal right of theirs would be invaded by competition on the part of the plaintiff. It is also true that the plaintiff does not have an exclusive territorial franchise and is subject to lawful competition from private power companies. Lawful competition between public and private power interests is, therefore, permitted, and is in accord with the policy established by the General Assembly.

The plaintiff charges that the proposed construction of the power line in question constitutes unlawful competition because the plaintiff has failed to obtain a certificate of public convenience and necessity from The Public Service Commission as required by Section 24-63 of the 1962 Code of Laws. This section provides, in part, as follows: "No electrical utility, except a municipality within its corporate limits, shall hereafter begin the construction or operation of any electrical utility plant or system or of any extension thereof, * * *, without first obtaining from the Commission a certificate that public convenience and necessity require or will require such construction or operation. But * * *, this section shall not be construed to require any such electrical utility to secure a certificate * * *(c) for an extension into territory contiguous to that already occupied

by it and not receiving similar service from another electrical utility."

A remedy for securing compliance with the foregoing section has been provided by Sections 24-67 and 24-134 of the 1962 Code of Laws. Under these sections, where an electrical utility seeks to unlawfully extend its lines without a certificate of convenience and necessity, The Public Service Commission is authorized, on its own motion or proper application by an interested party, to issue an order requiring the utility to cease and desist from such extension. The right to review by the court of any order of the Commission is granted by Sections 24-161 *et seq.,* of the 1962 Code of Laws.

It is clear from the foregoing constitutional and statutory provisions that the determination of the territory to be served by privately owned electrical utilities is a regulatory matter which has been placed within the original jurisdiction of The Public Service Commission, and over which the courts have no jurisdiction except by way of review. Since the sole ground upon which injunctive relief is sought for alleged unlawful competition involves a determination of regulatory matters which are within the exclusive original jurisdiction of The Public Service Commission, the lower court properly dissolved the temporary injunction upon that ground.

The plaintiff has cited the cases of *Ezell v. Ritholz,* 188 S. C. 39, 198 S. E. 419 and *Ex Parte Jones,* 160 S. C. 63, 158 S. E. 134, 77 A. L. R. 235 as authority for its position that the court has jurisdiction to restrain the defendant from extending its electrical service into the area in question without first obtaining a certificate of convenience and necessity. These cases are not controlling authority here.

The *Ezell case* involved an action by the Board of Examiners in Optometry and certain licensed optometrists to enjoin individuals from engaging in that business with-

out a license. The *Jones case* was an action to restrain a trucking company from operating without a license. There was no question in those cases as to the fact that the defendants had no license, or that they were prohibited from operating without one. The granting of injunctive relief, therefore, did not depend upon the determination of matters which were within the jurisdiction of the administrative agencies. Such are not the facts in the instant case. Here the question of whether the defendant is required to have a certificate of convenience and necessity, or license, is in issue, and the jurisdiction to determine such question has been conferred upon The Public Service Commission.

Error is next charged in the refusal of the lower court to grant plaintiff's motion for a continuance. It appears that, when the motion of the defendant to dissolve the temporary injunction was first called for a hearing, chief counsel for the plaintiff was engaged in the trial of a case in another court. Associate counsel moved for a continuance on that ground. The hearing was continued until the following day upon assurance that plaintiff's chief counsel would then be present. He was present on the following day, but the motion for a continuance was renewed, apparently upon the ground that he was still engaged in a trial in the other court. The motion was refused.

It is well settled that motions for a continuance are addressed to the sound discretion of the trial judge, and this court will not upset his ruling unless it clearly appears that there was an abuse of discretion. We fail to find any abuse of discretion in the refusal of the motion for a continuance in this case.

The parties disagreed as to the record for appeal. The plaintiff sought to have included in the record various affidavits and exhibits which were introduced at the hearing on the motion to dissolve the temporary injunction. These related generally to the respective contracts entered into by the parties with the customer, the

operations of each in the area, and the type of electrical service rendered. The lower court refused to allow these affidavits and exhibits as a part of the appeal record and the plaintiff appealed from that order, printing these documents as an appendix to the transcript of record. The matters contained in the appendix to the record were irrelevant to the jurisdictional question involved in the appeal and were properly disallowed.

Finally, the defendant contends that the lower court erred in refusing to dismiss the complaint after holding that the court was without jurisdiction to grant the temporary injunction. Upon the institution of this action, the defendant filed a demurrer to the complaint and at the same time moved to dissolve the injunction. The motion was heard, but the demurrer was not. Upon hearing the motion, the temporary injunction was dissolved for lack of jurisdiction of the court to issue it. The lower court then ruled that it would be improper to dismiss the action in view of the demurrer and the possible right of the plaintiff to amend after its disposition. The defendant did not appeal from this ruling, but seeks a review thereof under an "additional sustaining ground."

Additional sustaining grounds are permitted to be filed under Rule 4, Section 7, of the Rules of this Court. Their purpose is "to relieve a respondent who, in the trial court, has obtained a judgment giving him all the relief that he sought, from the necessity of appealing from adverse rulings that did not affect the result of the lower court's decision. To be entitled to consideration under this rule, an 'additional ground' for affirmance must relate to a matter that was presented before the trial court for its ruling, *Carter v. Peace,* 229 S. C. 346, 96 S. E. (2d) 113; and it must be such that its acceptance would lead to the same result that the trial court reached, *United States Rubber Co. v. White Tire Co.,* 231 S. C. 84, 97 S. E. (2d) 403." *Colonial Life and Accident Ins. Co. v. S. C. Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908.

The action desired by the defendant was the dismissal of the action, which the trial judge refused to do. This ruling was adverse to the position of the defendant in that regard. It simply failed to grant to the defendant the complete relief sought under its motion. If the additional sustaining ground were accepted, it would not lead to the same result that the trial judge reached, but would amount to a reversal of his ruling that the action should not be dismissed. Therefore, the defendant's contention that the trial judge should have dismissed the action cannot be considered under the additional sustaining ground.

Upon the petition of the plaintiff, we granted permission to criticize and review the holdings in the case of *Black River Electric Cooperative, Inc. v. Public Service Commission*, 238 S. C. 282, 120 S. E. (2d) 6. Our preliminary impression was that the foregoing case might affect the decision in this appeal. Further examination of the record, however, convinces us to the contrary. Since that decision involved none of the issues present here, there is no basis for its review.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.