## Richmond

Deborah Lisa Culberson

v.

Randosa McCloud, et al.

Record No. 811980.

April 27, 1984.

Present: All the Justices.

*John F. Rixey (Rixey, Heilig & McKenry*, on brief), for appellant.

*Terry H. Davis, Jr.; Allan S. Reynolds; Palmer S. Rutherford, Jr. (Richard M. Swope; Julie R. Adie; Taylor, Gustin, Harris, Fears & Davis; Williams, Worrell, Kelly & Greer, P.C.; Reynolds, Smith & Winters; Wilcox, Savage, Dickson, Hollis & Eley*, on briefs), for appellees.

POFF, J., delivered the opinion of the Court.

This is a plaintiff's appeal from a judgment entered in favor of three defendants in a personal injury case arising out of an automobile accident. Plaintiff Deborah Culberson contends that the trial court erred in striking her evidence as to defendants Leon Alston, t/a Alston's Exxon Servicenter (Alston), and Al's Brake Service and Supply, Inc. (Al's). Plaintiff also challenges a "sudden emergency" jury instruction granted defendant Randosa McCloud.

Culberson was injured when the car she was driving was struck in the rear while stopped at a traffic signal. The car which struck her was a 1964 Chevrolet sedan operated by McCloud. The Chevrolet, titled in the name of McCloud's wife, was a gift from her mother, Marie Lawson. McCloud testified that when he attempted to stop behind Culberson, "the brakes went right to the floor." The investigating officer inspected the Chevrolet after the accident and found that the brake pedal went "to the floor . . . indicating

. . . brake failure." McCloud, who had driven the car several times following his recent return from a tour of service in the Army, had experienced no prior trouble with the brakes.

Mitchell Sarvis, called as a witness for Culberson, qualified as an expert in brake repair. Sarvis examined the Chevrolet some 18 months after the accident. He found the master brake cylinder empty. He testified that the brakes had failed because the brake shoes installed on the front wheels, which he described as "fairly new" and less worn that those on the rear wheels, were the wrong size. The two front brake assemblies had been adjusted to compensate for the error, but the left front "wheel cylinder popped out of the boring and caused the [brake] fluid to run out." Sarvis said that "you could have a brake pedal one minute" but "[w]hen you lose all your fluid you don't have anything." He explained that because a 1964 automobile has only one reservoir for the brake fluid, when one brake fails in this manner, none work.

Culberson introduced evidence to show that the brakes on the Chevrolet had been repaired a "couple of months" before the accident. Testifying for Culberson, Marie Lawson said that she had taken a car to Alston's service station and asked him to check it for defects in advance of a state inspection. Alston recommended brake repairs, and because his station did not do such work, referred Lawson to Al's. Alston accompanied her when she delivered the car to Al's and when she returned to pick it up. Lawson recalled that she had paid Al's approximately $30 but could not produce the receipted invoice showing what repairs had been made. Neither Lawson nor Alston had inquired about the nature of the repairs.

Shown a picture of the Chevrolet on direct examination, Lawson identified the car as the vehicle she and Alston had taken to Al's. On cross-examination she was asked if she had not "taken more than one car to Mr. Alston to get work done on it". She replied that she had and that she had "carried two cars [to Al's] but at different times" and "that might be the wrong car, so really I am not sure." Alston said that "it was a Chevrolet that she came up there in" but "I don't remember whether it was a station wagon or just ordinary sedan or what."

At some point unclear from the record, Lawson returned to Alston, complaining that her car was "pulling" to one side. Alston jacked up the front end, rotated the wheels, found that they "turned freely", and told Lawson "[t]here's nothing wrong with

[the brakes]." Alston received no compensation for the services he rendered Lawson.

At the conclusion of plaintiff's case in chief, the trial court sustained motions to strike filed by Alston and Al's but denied McCloud's motion. The trial proceeded against McCloud, the court granted his instruction on sudden emergency, the jury returned a verdict against Culberson, and the court entered final judgment in favor of all defendants.

■ Actionable negligence requires proof of a legal duty to exercise ordinary care for the safety of another person or his property, a breach of that duty, and an injury proximately resulting from that breach. *Jordan* v. *Jordan*, 220 Va. 160, 162, 257 S.E.2d 761, 762 (1979). We find no proof of a legal duty Alston owed Culberson, and we uphold the trial court's ruling on Alston's motion.

■ We also agree with the trial court's conclusion that Culberson's evidence was insufficient as a matter of law to support a verdict against Al's. Culberson's counsel acknowledged in oral argument that Lawson "had two vehicles, one a station wagon and one a sedan", and that "there was evidence on cross-examination that she wasn't real sure which vehicle" Al's had repaired. Nevertheless, we believe, and counsel for Al's agreed at bar, that other testimony raises a reasonable inference that the car McCloud was driving was the vehicle Lawson and Alston delivered to Al's, and on Al's motion to strike, Culberson was entitled to the benefit of that inference. The record is devoid of any proof, however, of the kind of brake work Al's had performed. Such proof was indispensable to Culberson's theory of recovery against Al's.

Clearly, someone at some time installed the wrong brake shoes on the front wheels of the Chevrolet, and Lawson paid Al's for performing some kind of brake service. But there was no evidence, testimonial or documentary, to show that the $30 bill Lawson paid was the charge for installing brake shoes, and neither Lawson nor Alston knew what work it represented. For all the evidence proves, the repair work Al's performed may have been limited to the master cylinder, the brake lines, or some other component of the brake system. Culberson's evidence on the issue of Al's liability invites speculation, conjecture, and random judgment, and such evidence is insufficient to raise a jury question. *See Farren* v. *Gilbert*, 224 Va. 407, 297 S.E.2d 668 (1982).

■ Culberson asks us to reverse the judgment for McCloud on the ground the sudden emergency instruction was a "finding in-

struction" and not "based upon the evidence in the case." We find no merit in this assignment of error. Proof of the sudden mechanical failure was uncontroverted, McCloud was unaware of the defect in the brakes, and there was no evidence that McCloud was guilty of any act or omission which brought about the emergency with which he was confronted. *See Cook* v. *Basnight*, 207 Va. 491, 151 S.E.2d 408 (1966); *Rountree* v. *Rountree*, 198 Va. 658, 96 S.E.2d 113 (1957).

*Affirmed.*