BENTON, Judge,
dissenting.
I fully concur in the dissenting opinion. I write separately only to note that this case dramatically demonstrates why an instruction offered to prevent inconsistent verdicts should be *574 granted whenever multiple charges present a realistic possibility of inconsistent verdicts.
The finding instruction on the firearm charge did not inform the jury that it is applicable only if the jury convicted Gaines of murder or attempted murder. Thus, the judge’s failure to instruct the jury, as requested by Gaines, that a finding of manslaughter required the jury to find Gaines not guilty of the firearm charge had the effect of creating an ambiguity because Instruction 18 informed the jury as follows:
The Court instructs the jury that you are instructed that it is unlawful for any person to handle recklessly any firearm so as to endanger the life, limb or property of any person.
In short, the jury had a basis upon which to infer, contrary to the provisions of Code § 18.2-53.1, that because Gaines handled a firearm unlawfully while committing manslaughter, Gaines was also guilty of the firearm offense.
The overriding purpose of jury instructions is to inform the jury of the applicable law in a manner that will aid the jury in reaching a proper verdict. See Cooper v. Commonwealth, 2 Va.App. 497, 500, 345 S.E.2d 775, 777 (1986). Thus, the Supreme Court has “frequently held that the giving of instructions which are confusing or which tend to mislead the jury because of ambiguity or for any other reason is reversible error.” State Highway & Transp. Comm’r v. Allmond, 220 Va. 235, 241-42, 257 S.E.2d 832, 836 (1979). See also Simmons v. Adams, 202 Va. 926, 932, 121 S.E.2d 379, 383-84 (1961); Scott’s Executor v. Chesterman, 117 Va. 584, 615, 85 S.E. 502, 512-13 (1915). In addition, “when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter.” Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991). This means the judge has an obligation to amend, if necessary, the proffered instruction. Bryant v. Commonwealth, 216 Va. 390, 393, 219 S.E.2d 669, 671-72 (1975); Blevins v. Commonwealth, 209 Va. 622, 628, 166 S.E.2d 325, 330 (1969). The trial judge commits error by not instructing *575 the jury on a matter when, in the absence of such instruction, the jury may make findings based upon a mistaken belief of the law. See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).
Accordingly, I would reverse the conviction and dismiss the indictment.