## Staunton

HAZEL TERRY ANN BOHON, AN INFANT, ETC. v. STEPHEN EUGENE MANNING, AN INFANT.

September 5, 1969.

Record No. 6987.

Present, All the Justices.

*Evans B. Jessee* (*Arthur E. Smith,* on brief), for plaintiff in error.

*W. H. Jolly* (*Kime, Jolly & Clemens,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Hazel Terry Ann Bohon, an infant seven years of age, brought this action by her mother and next friend to recover for personal injuries received when the bicycle on which she was riding as a passenger was struck by an automobile operated by the defendant, Stephen Eugene Manning. The case came on for trial before a jury, and at the conclusion of plaintiff's evidence the trial court sustained defendant's motion to strike plaintiff's evidence, discharged the jury, and entered summary judgment for the defendant.

The sole question presented on this appeal is whether or not plaintiff's evidence makes out a *prima facie* case of negligence on the part of the defendant.

The accident which caused injuries to the plaintiff occurred in the late afternoon of May 16, 1966, at the intersection of Noble Avenue and Holly Road, in the City of Roanoke. Noble Avenue is 22 feet wide and runs east and west. Holly Road is 37 feet wide and intersects Noble Avenue from the north, forming a "T" intersection. Noble Avenue is on a downgrade as it approaches the intersection from the east, and Holly Road is likewise on a downgrade as it enters Noble Avenue. There were no traffic controls at the intersection. When the accident occurred it was daylight, and the weather was clear.

Numerous photographs, taken from different angles, showing the intersection and the two streets leading up to it, were presented in evidence. One photograph, looking west on Noble Avenue, was taken 75 feet from the intersection.

Plaintiff was riding south on Holly Road on a "doubler," a metal strip over the back fender of a bicycle propelled by William D. White, who was 12 years of age. Young White testified he stopped his bicycle at the edge of the curb line of Noble Avenue, looked both ways, and not seeing any traffic he proceeded into Noble Avenue, intending to make a left turn. While he was in the intersection he saw defendant's car, which he described as a "green spot" coming very fast from his left, and before he could get out of its way it struck his bicycle, knocking him and his playmate to the hard surface of the street. On one of the photographs introduced into evidence, he marked the point at which he brought his bicycle to a stop before proceeding into the intersection.

Officer W. E. Richardson arrived on the scene shortly after the accident had occurred. He testified that his investigation revealed that the automobile driven by the defendant, who was 17 years of age, was traveling west on Noble Avenue and that it struck the bicycle when it was approximately in the center of the intersection. He was able to determine the point of impact as being 8½ feet into the intersection from the debris in the road which had fallen from the dented left front fender of the car. Defendant's car traveled 37 feet from the point of impact, 19 feet of which left "real light skid marks to the back of the left front tire." The defendant told Richardson at the scene that "he did not see the children; he heard a noise, and when he looked back he saw them lying in the road." Defendant gave his speed at 20 miles per hour.

We have many times said that in passing upon a motion to strike

all of plaintiff's evidence at the conclusion thereof, such evidence should be considered very much as on a demurrer. Thus all inferences which may be fairly drawn from the plaintiff's evidence must be resolved in her favor. *Richardson* v. *Hackett*, 204 Va. 847, 849, 134 S. E. 2d 312, 314 (1964); *Frye* v. *Alford*, 203 Va. 461, 465, 125 S. E. 2d 177, 180 (1962).

It can be reasonably inferred from the evidence here that the defendant did not keep a proper lookout in the operation of his car. At least one photograph introduced into evidence showed that the defendant had an unobstructed view of the intersection when he was 75 feet away from it. Yet the defendant told the investigating officer that he never saw the bicycle with the children on it move from a stopped position at the curb line of Noble Avenue and proceed 8½ feet into the intersection across his lane of travel.

A motorist approaching an intersection is under a duty to keep a reasonable lookout to see another vehicle if it is in plain view, and he is negligent if he fails to do so. *Sayre* v. *Shields*, 209 Va. 409, 410, 164 S. E. 2d 665, 666 (1968); *Perry* v. *Thompson*, 196 Va. 817, 820, 86 S. E. 2d 35, 37 (1955).

The facts and circumstances here made out a *prima facie* case of negligence against the defendant. He admitted that he had not seen the children on the bicycle before the impact. Whether plaintiff's injuries were caused by the faliure of defendant to keep a proper lookout presented a factual question for the jury to determine. It was thus error for the trial court to withdraw the question of defendant's negligence from the jury and enter summary judgment for the defendant.

Accordingly, the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*