# CIRCUIT COURT OF THE CITY OF RICHMOND

Daniel Miles, Jr.

v.

Angela Walker

March 23, 1998

Case No. (Law) ML-5535

By Judge James B. Wilkinson

## *Facts*

On October 1, 1997, the plaintiff, Daniel C. Miles, was operating a motorcycle in a southerly direction in the far right lane of Jefferson Davis Highway near the intersection of Dale Avenue in the City of Richmond, Virginia. The defendant, Angela Walker, was operating an automobile headed northbound on Jefferson Davis Highway and was stopped in the left turn lane. Ms. Walker made a left turn across the two inside southbound lanes and into the outside southbound lane in front of Mr. Miles at which time Ms. Walker's car and Mr. Miles' motorcycle collided. Mr. Miles was taken by ambulance to the Medical College of Virginia where he was admitted to the trauma unit for two nights and released on the third day. Mr. Miles sustained injuries to both knees and abrasions on his arms and legs. Mr. Miles' medical bills totaled $7,796.52. He missed three weeks of work, and lost wages totaled $840.00.

The plaintiff filed suit against the defendant for $75,000.00. At trial, the plaintiff with the consent of the defendant reduced the amount sued for to $50,000.00. This case was tried by jury on January 30, 1998. On the plaintiff's motion, the Court struck the defendant's evidence, ruled the defendant was negligent as a matter of law, and submitted the issue of damages only to the jury. The jury returned a verdict finding the defendant liable to the plaintiff in the amount of $28,637.00. Counsel for the defendant

moved the Court to set aside the verdict of the jury as being contrary to the law and evidence and excessive, which motion the Court overruled as to excessiveness. The Court held under advisement the defendant's motion to set aside the verdict of the jury as to the defendant's objection to the striking of the defendant's evidence.

## Issues

Whether the Court properly struck the defendant's evidence as to contributory negligence and ruled that the defendant was negligent as a matter of law.

Whether the issue of damages only was properly submitted to the jury.

## Discussion

"On [a] motion to strike the defendant's evidence, he [is] entitled to have such evidence stated and viewed in the light most favorable to him." *Simmons v. Adams*, 202 Va. 926, 929, 121 S.E.2d 379 (1961). *See Monday v. Oliver and Doe*, 215 Va. 748, 752, 214 S.E.2d 142 (1975).

On review of a motion to strike after introduction of all the evidence, the same principles apply as those "governing consideration of evidence upon a motion to set aside a verdict as contrary to the evidence." *CUNA Mutual Ins. v. Navy Yard Credit Union*, 237 Va. 679, 684, 379 S.E.2d 361 (1989) (cites omitted). In doing so, when drawing inferences from the evidence, "the court can draw only such inferences as a jury might have *fairly* drawn from the evidence. The court is not bound to draw inferences that are strained, forced, or contrary to reason." *Id.* (cites omitted). "When fair minded men cannot be of two opinions as to the inferences ... then the matter is for the court and not for the jury." *Id.* (cites omitted).

In this case, the defendant objected to the plaintiff's motion to strike the defendant's evidence at the conclusion of all the evidence. The defendant argues that the evidence inferred that the plaintiff was contributorily negligent in that he failed to apply his brakes when he observed the defendant begin making what he perceived to be a U-turn.

Mr. Miles was operating a motorcycle in the far right outside lane of three lanes headed southbound on Jefferson Davis Highway. Tr. 51, 66. He was driving the speed limit of forty miles per hour. Tr. 51. On direct examination, Mr. Miles testified that Ms. Walker was stopped in the northbound left turn lane when he first saw her and he was approximately five to ten car lengths

away from her car. Tr. 52; *see also* Tr. 66. He further testified that as he got closer, "she started to proceed … to make a left turn, which I thought that she was going to make a U-turn and she just came across my lane and we collided." Tr. 52. Approximately two to three seconds elapsed from the time Ms. Walker began to move until impact. Tr. 52-53. Mr. Miles testified that when he saw Ms. Walker begin to make her turn, he "released the gas, applied the brakes, and honked the horn." Tr. 53. He was unable to turn right because of curbing and he was unable to turn left because he still would have hit her. Tr. 53.

During cross-examination, Mr. Miles consistently testified that he was approximately five to ten car lengths back when he first saw Ms. Walker. Tr. 66. Mr. Miles further testified that he applied his brakes "right when I seen her coming out … [w]hen I thought she was making a U-turn and then she came across." Tr. 67. As cross-examination continued, Mr. Miles testified that, when he was about a car length away, he first applied his brakes and before applying his brakes he had seen her turning, but he thought she was making a U-turn. Tr. 68. Mr. Miles further testified that it was when he was a car length from Ms. Walker that he realized she was not making a U-turn and that is when she came in front of him and they collided. Tr. 68.

Ms. Walker testified that she did not see the plaintiff on the motorcycle. Tr. 77-78, 80. Ms. Walker further testified that the first time she knew an accident was occurring was when she heard the "boom" of the impact and saw Mr. Miles' body going across the windshield. Tr. 81.

The issue is whether the contradicting testimony as to when Mr. Miles applied his brakes should be a question for the jury as evidence of contributory negligence. The Court is of the considered opinion that such a short distance and small amount of time elapsed from when Ms. Walker began making her turn and the point of impact that Mr. Miles could not be contributorily negligent. Whether he applied his brakes at the moment he saw Ms. Walker begin making what he perceived to be a U-turn or whether he applied his brakes when he realized she was instead making a left turn does not make a difference regarding the issue of contributory negligence. Mr. Miles had only a few seconds to react when Ms. Walker began making a turn in front of him. This was insufficient time for him to have the last clear chance to avoid the accident.

For the Court to have ruled that an issue of contributory negligence existed would have been contrary to reason and strained beyond common sense. There are no inferences which a jury might have fairly drawn from the evidence which would have led to the conclusion that Mr. Miles was

contributorily negligent. With no evidence of contributory negligence and the evidence that Ms. Walker did not see Mr. Miles until he hit her windshield, the plaintiff was entitled to the sustained motion to strike the defendant's evidence and the ruling that the defendant was negligent as a matter of law.

## Conclusion

The Court holds that there was no evidence showing the plaintiff was contributorily negligent. The Court holds the plaintiff's motion to strike the defendant's evidence was properly sustained and the Court's ruling that the defendant was negligent as a matter of law was proper. The Court further holds the issue of damages only was properly submitted to the jury. The Court further holds judgment is to be entered on the verdict of the jury.